**Abatement Order filed April 19, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00721-CR

_____

**KELLEH MICHAEL CONTEH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1274972**

## ABATEMENT ORDER

Appellant is represented by appointed counsel, **Frances M. Northcutt**. On December 16, 2011, time to file appellant's brief expired without a brief and no motion for extension of time was filed. *See* Tex. R. App. P. 38.6(a). Counsel and the trial court were notified on December 27, 2011, that no brief had been received. No response from appellant was received. On January 13, 2012, the court directed the trial court to conduct a hearing to determine why appellant's brief had not been filed. A hearing was conducted on February 8, 2012, and a record of that hearing was filed in this court on February 14,

2012. At the hearing, the trial court informed appellant that his attorney had stated that she would be filing a brief within the next two weeks. More than two months have passed and no brief has been filed. On March 27, 2012, this court notified counsel and the trial court that no brief had been filed. No response was filed. Accordingly, we issue the following order:

Pursuant to Tex. R. App. P. 38.8(b) (a copy of which is attached) the judge of the 174th District Court shall (1) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether new counsel should be appointed to represent appellant to ensure effective representation of counsel; and if so, appoint new counsel; or (b) determine a date certain when appellant's brief will be filed; and (2) prepare a record, in the form of a reporter's record, of the hearing. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court on or before **May 18, 2012.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

2

**Tex. R. App. P. 38.8. Failure of Appellant to File Brief.**

(b) *Criminal Cases*.

(1) Effect.   An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice.   If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact.   If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing.   In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record—including any order and findings—must be sent to the appellate court.

(4) Appellate Court Action.   Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel.   If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.